Terry CLINE by and through his father and next friend, Charles Cline, Plaintiff,

v.

SCHOOL DISTRICT # 32 OF SCOTTS BLUFF COUNTY, NEBRASKA, Defendant.

Charles CLINE, Plaintiff,

v.

SCHOOL DISTRICT # 32 OF SCOTTS BLUFF COUNTY, NEBRASKA, Defendant.

Civ. A. Nos. 78–0–345, 78–0–346.

United States District Court, D. Nebraska.

Aug. 31, 1979.

Robert P. Chaloupka, Scotts Bluff, Neb., for plaintiff.

Denzil R. Busick, North Platte, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction.

The plaintiffs, father and son, are residents of Denver, Colorado. The defendant School District is a Nebraska political subdivision and a local school district situated in Scotts Bluff County, Nebraska. The plaintiffs seek to recover damages for injuries to Terry Cline caused by the alleged negligence of the defendant. These actions were filed pursuant to the Political Subdivisions Tort Claims Act of the State of Nebraska. Neb.Rev.Stat. §§ 23–2401 to 2420 (Reissue 1977).

The defendant's motion to dismiss is based on the contention that this action is a suit against the State which is barred by the Eleventh Amendment to the United States Constitution. The defendant argues that the School District is merely an arm or alter ego of the State protected by the Eleventh Amendment. In addition, the defendant contends that the Nebraska Political Subdivision Tort Claims Act does not waive the School District's Eleventh Amendment immunity to suit in federal court.

The Eleventh Amendment does not bar suit in federal court against a State's political subdivision but does bar

such suits against the State itself. The issue here, therefore, is whether the School District is to be treated as an arm or alter ego of the State, protected by the Eleventh Amendment or is to be treated as a political subdivision, not so protected. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). This determination is based on a consideration of the entity's powers, nature and characteristics under State law. In making this determination, this Court will adopt the two-tier approach set out in *Unified School District No. 480 v. Epperson,* 551 F.2d 254 (10th Cir. 1977), *vacated on other grounds* 435 U.S. 948, 98 S.Ct. 1572, 55 L.Ed.2d 797 (1978):

> Two primary tests for distinguishing alter egos, enjoying the state's Eleventh Amendment immunity, from so-called political subdivisions, such as counties and municipalities, which do not enjoy such immunity are: (1) To what extent does the board, although carrying out a state mission, function with substantial autonomy from the state government and, (2) to what extent is the agency financed independently of the state treasury.
>
> *Unified School District No. 480 v. Epperson, supra,* 551 F.2d at 258–59.

The issue of the extent of the School District's autonomy is governed by the *Mt. Healthy* and *Epperson* opinions. These opinions examined the respective school districts' powers and duties under State law to determine the extent of the districts' autonomy from the State. In *Mt. Healthy,* the Supreme Court discussed various factors which were determinative of the scope of the Eleventh Amendment immunity in that case. In finding that the *Mt. Healthy* school district was not protected by the Eleventh Amendment, the Court relied on the following factors:

> Under Ohio law the "State" does not include "political subdivisions," and "political subdivisions" do include local school districts. Ohio Rev.Code Ann. § 2743.01 (Page Supp.1975). Petitioner is but one of many local school boards within the State of Ohio. It is subject to some guidance from the State Board of Education, Ohio Rev.Code Ann. § 3301.07 (Page 1972 and Supp.1975), and receives a significant amount of money from the State. Ohio Rev.Code Ann. § 3317 (Page 1972 and Supp.1975). But local school boards have extensive powers to issue bonds, Ohio Rev.Code Ann. § 133.27 (Page 1969), and to levy taxes within certain restrictions of state law. Ohio Rev.Code Ann. §§ 5705.02, 5705.03, 5705.192, 5705.194 (Page 1973 and Supp.1975). On balance, the record before us indicates that a local school board such as petitioner is more like a county or city than it is like an arm of the State. We therefore hold that it was not entitled to assert any Eleventh Amendment immunity from suit in the federal courts.
>
> *Mt. Healthy City School District Board of Education v. Doyle, supra,* 429 U.S. at 280, 97 S.Ct. at 572–573.

The *Epperson* court relied on similar factors in its determination that the school district was not protected by the Eleventh Amendment. In *Epperson,* the court noted that:

> Local unified school districts in Kansas can sue and be sued, execute contracts and hold real and personal property, and in general possess the "usual powers of a corporation for public purposes." Kan. Stat. § 72–8201. For budgetary and taxing purposes, a local unified school district in Kansas is considered a municipality. Kan.Stat. § 72–8204a. The State of Kansas, as does the State of Ohio, furnishes substantial state aid to the local school districts, though the latter fix their own budgets and are empowered to levy and collect taxes within the local school district with which to fund their budget. Kan.Stat. §§ 72–7021, 8204a, 79–2925, 2931.
>
> *Unified Schools v. Epperson, supra,* 551 F.2d at 259–60.

The *Epperson* opinion further held that even though the Kansas Constitution gave the State "general supervision" of the school district, this factor did not make the school district the alter ego of the State for

Eleventh Amendment purposes. *Unified School District No. 480 v. Epperson, supra,* 551 F.2d at 260.

■ Applying the analyses of these cases to the instant case, it is apparent that the School District is not an arm or alter ego of the State of Nebraska for Eleventh Amendment purposes. As was the case in *Mt. Healthy* and *Epperson,* Nebraska statutes provide school districts with substantial autonomy from the State. Nebraska school districts have the capacity to exercise "the usual powers of a corporation for public purposes," Neb.Rev.Stat. § 79–401 (Reissue 1976); to levy taxes for general school purposes, Neb.Rev.Stat. § 79–432 (Reissue 1975); to purchase and sell personal and real property, Neb.Rev.Stat. § 79–401 (Reissue 1975); to sue and be sued, Neb.Rev. Stat. § 79–401 (Reissue 1975); and to fix their own budgets, Neb.Rev.Stat. § 79–4, 160–4,169 (Reissue 1976 and Supp.1978). The State of Nebraska does provide the school districts with substantial state aid and is responsible for the "general supervision and administration" of the State's school system. Neb.Const. Art. VII, § 2. These statutes indicate that Nebraska gives its school districts substantially the same autonomy found in the *Mt. Healthy* and *Epperson* cases. Although Nebraska does retain some supervisory interest in its school districts, it does not appear to be of any greater magnitude than was found in *Mt. Healthy* and *Epperson.* This Court therefore holds that "on balance" the School District # 32 of Scotts Bluff County, Nebraska, has substantial autonomy from the State and is not protected by the Eleventh Amendment as an alter ego of the state.

The second part of the *Epperson* test requires that the Court consider the School District's financial independence from the State. The United States Supreme Court decision in *Edleman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), makes it clear that if the judgment against the School District would be paid out of the State treasury, then this suit would be barred by the Eleventh Amendment.. The Nebraska Political Subdivisions Tort Claims Act, under which this action is brought, however, provides that any judgment against a political subdivision is to be paid out of the funds of the political subdivision. Neb.Rev.Stat. § 23–2415 (Reissue 1977). This action, therefore, is not barred by the Eleventh Amendment, since any judgment against the defendant would not be paid out of State funds.

Based on the discussion above, the Court holds that the School District is a political subdivision for Eleventh Amendment purposes and therefore does not enjoy an immunity from suit in federal court. Since the Eleventh Amendment has no application in this case, the Court need not reach the waiver issue.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is denied.